IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ARTHUR HARRIS,

    Petitioner,

v.                                     CASE NO. 4:08-cv-136-MMP-AK

WALTER A. MCNEIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's petition for writ of habeas corpus.  Doc. 1. Petitioner has paid the filing fee.  Having carefully considered the matter, the Court recommends that the petition be dismissed as untimely.

Section 2254 petitions are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  This limitations period runs from the latest of the following:  the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).  Only subsections(A) is at issue in this case.

According to the petition, Petitioner was sentenced to 15 years imprisonment for manslaughter on February 24, 2004.  *Id*.  The conviction and sentence were affirmed on appeal

on December 29, 2004.  *Harris v. State*, 889 So.2d 75 (Fla. Dist. Ct. App. 2004).  Petitioner's conviction became final 90 days thereafter, or March 29, 2005.  *Nix. v. Secretary for Department of Corrections*, 393 F.3d 1235 (11th Cir. 2004).

There is no indication in the petition that Petitioner sought 3.850 post-conviction relief in state court.  Thus, the time for seeking relief here began running on March 29, 2005, and concluded one year later on March 29, 2006.  Petitioner sought no relief in state court until September 5, 2007, when he filed a petition for a writ of habeas corpus in the court of appeal.  *Harris v. State*, Cause No. 1D07-4561 (Fla. Dist. Ct. App.).  That petition was dismissed on October 17, 2007.  *Harris v. State*, 967 So.2d 202 (Fla. Dist. Ct. App. 2007).  Therefore, by the time Petitioner sought habeas relief in state court, his time for seeking relief here had expired by over 17 months, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here.  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  In other words, the time for filing the instant petition had expired before Petitioner filed the habeas petition in state court on September 5, 2007, and the filing of that motion could not toll a statute of limitations that had already expired.

The time for filing a § 2254 petition may be equitably tolled, but only if a petitioner can show "extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).  Petitioner has not attempted to meet this standard, and the Court can glean nothing from the record which would support equitable tolling.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and that this cause be **DISMISSED WITH PREJUDICE.**

**IN CHAMBERS** at Gainesville, Florida, this  *13th*  day of May, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**